HEYMAN v. SINGER.

(Supreme Court, Appellate Term. June 28, 1906.)

1. BROKERS—ACTIONS FOR COMMISSIONS—EVIDENCE—PREJUDICIAL ERROR.

Where, in an action by a broker to recover part of a commission received by defendant on the sale of real estate, it was not shown that defendant effected the sale, vendor not testifying who the broker was, the admission of testimony of the vendor on examination in supplementary proceedings in another action, and which did not contradict his testimony in the present action in any material point, was error; the witness not having been interrogated regarding any fact as to which it was proposed to contradict him by such testimony, and his attention not having been called thereto.

2. SAME.

Both the vendor and vendee were sworn on the trial and present in court when an adjournment was taken for the purpose of getting such testimony given in the supplementary proceedings. The vendor was not asked regarding defendant's services, and the testimony of the vendee regarding the same was excluded. *Held*, that what the vendor testified to in the supplementary proceedings was incompetent to prove defendant's services as broker.

3. TRIAL—SURPRISE—EVIDENCE—ADJOURNMENT.

Where, in an action by plaintiff to recover of defendant a portion of broker's commissions received by the latter on the sale of real estate, plaintiff was granted an adjournment to enable him to secure certain evidence alleged to have been given by a witness in another action, tending to show that defendant was the broker who effected the sale, there being no direct evidence of such fact, the refusal to grant defendant an adjournment in order to meet such testimony was error.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel Heyman against Max Singer. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-CALL, JJ.

J. A. Seidman, for appellant.
Gainsburg & Solomon, for respondent.

GILDERSLEEVE, J.   The plaintiff brought this action upon a claim made by him that the defendant promised and agreed that, in the event of Singer, the defendant, who was a real estate broker, making a sale of property owned by one Fishel to one Tanzer, the defendant would pay plaintiff the sum of $500.   There is no dispute but that Fishel sold the real estate to Tanzer.   What the plaintiff did to aid Singer in making the sale is more difficult to determine.   Plaintiff makes no claim to having seen Tanzer regarding the sale.   He testifies, however, that he saw Fishel several times about the property. His conversation with Fishel, as detailed by him on his direct examination, was one in September, and consisted in Fishel saying at that time "there is a difference of a few thousand dollars," and a second one in which Fishel said, "Heyman, the bargain is closed," and still another in which plaintiff informed Fishel that he (plaintiff) was to get $500 of the commissions, and Fishel's replying, "All right, I will hold the money, and you get Singer around, and I will give you the $500." The plaintiff and his partner were at this time lessees of the property, but when the sale was made to Tanzer they surrendered their lease, and the plaintiff expressly says that no part of the $500 claimed by him was for the surrender of his lease.   On cross-examination, after repeating the conversations had with Fishel, substantially as told on his direct examination, he also says that he told Singer all about the rents of the premises, how the rooms were, and that the sewer was not in a good condition; and also that at one time he told Fishel that $129,000 was a reasonable price for the houses, and that "I think you should sell for that."   During this time negotiations were going on between Fishel and Tanzer, which finally resulted in Fishel taking Tanzer's offer of $129,000 for the property.   Singer was not sworn, but plaintiff's testimony was contradicted by Fishel, who testified that whatever conversations the plaintiff had with him was concerning his lease, which seems to have obligated the plaintiff to pay more for the premises than the plaintiff was able to pay, and which rent had been once lowered by the owner, and which lease the plaintiff and his co-lessee were willing to surrender without compensation in case of a sale.   This testimony of Fishel as to the subject of the conversations, in view of the foregoing facts, appears the more probable than that anything said by the plaintiff in any manner contributed to the aid of Singer in finally bringing the parties to the same mind regarding the price of the premises.

The judgment should be reversed for the following reason also: It was not shown upon the trial that Singer effected the sale between Fishel and Tanzer.   Fishel did not testify who the broker was, and, although the defendant asked Tanzer when he was upon the witness stand, "Who was the one that proposed you this property" and "Did

Mr. Max Singer propose this property to you?" these questions were objected to by the plaintiff's counsel, and excluded by the court, so that when the defendant rested there was not the slightest testimony showing that this defendant consummated the sale through his efforts as a broker. An adjournment was then taken to enable the plaintiff to introduce some evidence alleged to have been given by Fishel in an examination in supplementary proceedings in an action against him by one Thaler, and upon such adjourned day the plaintiff, over the objections of the defendant, was allowed to put in evidence the testimony of Fishel given upon his examination aforesaid. This testimony was evidently for the purpose of showing that Fishel testified to certain facts therein tending to show that the defendant was the broker who was entitled to the commission of $1,000 for procuring the sale to be made by Fishel to Tanzer. The respondent's attorney claims in his brief that this was done to affect the credibility of Fishel. Fishel had not been interrogated regarding any fact as to which it was proposed to contradict him by the offered testimony, nor had his attention been called to such testimony given by him. Moreover, the testimony read in evidence does not contradict him in any material point. The admission for that purpose was clearly error, and, if offered for the purpose of showing Singer's services as broker, it was improper to receive it. Fishel and Tanzer were both sworn upon the trial, and were present in court when the adjournment was taken for the purpose of getting Fishel's testimony given in the supplementary proceeding. Fishel was not asked regarding Singer's services, and the testimony of Tanzer regarding Singer's services was excluded, and what Fishel testified to in the supplementary proceeding was under such circumstances clearly incompetent, and should not have been admitted. Even if it had been proper to have admitted it in evidence, then the defendant was entitled to the adjournment for which he asked the court, in order to meet such testimony, and it was error to refuse it.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.